**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Martha Enlund, on behalf of her minor son, M.E.,**

**Plaintiff,**

**vs.**

**James Reynolds, Jesse Lopez, John Grove and Julie Casper, in their individual and official capacities as Minneapolis police officers; and the City of Minneapolis,**

**Defendants.**

**Case No.: 00-CV-2239 PAM/JGL**

**PROTECTIVE ORDER**

---

Plaintiff Martha Enlund, on behalf of her minor son, M.E., and Defendants James Reynolds, Jesse Lopez, John Grove, Julie Casper and the City of Minneapolis, by and through their undersigned counsel, hereby agree and stipulated as follows:

1. The Defendant City of Minneapolis will make available to Plaintiff's attorney certain documents pertaining to certain Minneapolis Police Department, Internal Affairs Division, Civilian Review Authority, Civil Service and Personnel files of Minneapolis Police Officers James Reynolds, Jesse Lopez, John Grove and Julie Casper named as Defendant in this action, and other documents which necessitate certain protections.

2. The litigants herein enter into this Stipulation and agree as follows:

Defendants hereby agree to make available to Plaintiff's attorneys for inspection and copying the following documents under certain terms and conditions specified below:



FEB 12 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

All documents, upon request, contained in Minneapolis Civilian Police Review Authority files relating to Minneapolis Police Officers James Reynolds, Jesse Lopez, John Grove and Julie Casper.

All documents, upon request, contained in City of Minneapolis Police Department Internal Affairs Division files relating to Minneapolis Police Officers James Reynolds, Jesse Lopez, John Grove and Julie Casper.

All documents, upon request, contained in City of Minneapolis Police Department personnel, station and background files of Minneapolis Police Officers James Reynolds, Jesse Lopez, John Grove and Julie Casper.

3. The production of the foregoing documents shall be on the following terms and conditions.

a. The documents to be produced in response to this Order shall be considered "Confidential Materials" under the terms of this Order, and this Order shall govern the examination and use of such documents.

b. Confidential Materials and information derived therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d, below. The Confidential Materials shall not be disclosed to the Plaintiff or to any other person unless and until otherwise agreed by the defendants or ordered by the court hearing the action. It is expressly understood that the plaintiff may not use Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

c. If plaintiff's counsel wishes to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived therefrom may be designated as "Confidential", and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

d. Confidential Materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Person" as defined herein. "Qualified Persons" are:

i. The court (subject to the provisions of subparagraph g hereof);

ii. Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties.

iii. Court reporters employed in connection with any deposition in the action; and

iv. Any other person that the parties agree to in writing.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraphs g and h hereof.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the court, such

papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the court.

g. Nothing contained in this order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third party witnesses, either prior to a deposition or trial or during a deposition or a trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph b of this order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived from them to anyone who is not a Qualified Person within the meaning of this Order.

4. In the event that any Confidential Materials or information derived therefrom are used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

5. Nothing herein shall be construed to affect in any way defendants' rights to object to the admissibility of any document, testimony or other evidence at trial.

6. If plaintiff receives a subpoena or other court process that arguably calls for the production of Confidential Materials, plaintiff shall give the defendants at least ten (10) days notice before producing any such Confidential Materials.

7. Upon termination of this litigation, counsel for plaintiff shall return all Confidential Materials and copies thereof to defendants' counsel.

8. The designation of any document, information or thing as confidential under this order is for purposes of this protective order only, and shall not be used for the purpose of interpretation or other legal or substantive issues raised in this litigation apart form the application of this order.

Dated: 2/9/01

GARTNER, BENNETT & SCHUPP, PC
by

Robert Bennett #6713
Eric Hageman, #258180
One Financial Plaza, Suite 2200
120 South Sixth Street
Minneapolis, MN 55402-1824
Telephone: 612-333-3839

Dated: 2/8/01

JAY M. HEFFERN
City Attorney
By Timothy S. Skarda

TIMOTHY S. SKARDA
Assistant City Attorney
Attorneys for Defendants
Attorney Reg. No. 10176X
300 South Seventh Street
Minneapolis, MN 55402-2453
(612) 673-2553

**ORDER**

**IT IS HEREBY ORDERED,** pursuant to the foregoing Stipulation, the Defendants shall produce the above-described documents pursuant to the protections set forth above.

Dated: Feb 12, 2001

Judge JONATHAN LEBEDOFF

**EXHIBIT A**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Martha Enlund, on behalf of her minor son, M.E.,**

**Plaintiff,**

**vs.**

**James Reynolds, Jesse Lopez, John Grove and Julie Casper, in their individual and official capacities as Minneapolis police officers; and the City of Minneapolis,**

**Defendants.**

**Case No.: 00-CV-2239 PAM/JGL**

**CONFIDENTIALITY AGREEMENT**

The undersigned, having read and understood the Protective Order dated ________________, governing the restricted use of documents and other information obtained from the parties in the above-captioned matter, hereby agrees to be bound by the terms thereof. The undersigned understands that the failure to comply with said restrictions may subject the undersigned to sanctions for contempt of Court.

Subscribed and sworn to
before me this _______ day
of ________________, 2001.

________________________

________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

*Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.